Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail:         attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, Dr. Alicia Middleton

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Dr. Alicia Middleton**,<br><br>                                    Plaintiff,<br><br>          v.<br><br>**Maricopa County Community College District,**<br><br>**Dr. Heather Kruse, in her individual and official capacities,**<br><br>**Dr. Roberto Villegas-Gold in his individual and official capacities,**<br><br><br><br>  Defendants. | **Case #**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Dr. Alicia Middleton   by and through Elizabeth D. Tate, her undersigned attorney of record, submit this   Complaint for relief and   Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and

1

38(a, b).

**INTRODUCTION**

1. Plaintiff Dr. Alicia Middleton ("Plaintiff") brings this civil action for race discrimination, sex discrimination, disability discrimination, hostile work environment, retaliation, and deprivation of constitutional rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, 42 U.S.C. §§ 1981 and 1983, and the Equal Protection Clause of the Fourteenth Amendment.

2. Plaintiff is a Black woman with diagnosed depression, panic attacks,  and anxiety who was subjected to racialized and gender-based stereotyping—specifically the trope of the "angry Black woman"—false discipline, denial of reasonable accommodations, heightened scrutiny, and retaliation after opposing discrimination.

3. Defendants' conduct was intentional, discriminatory, retaliatory, and sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and would deter a reasonable employee from engaging in protected activity.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Maricopa County, Arizona.

PARTIES

6. Plaintiff Dr. Alicia Middleton is an Arizona resident and was employed by

2

Defendant Maricopa County Community College District ("MCCCD") as a Student Services Director.

7. Defendant MCCCD is a public community college district, a state actor, and an employer within the meaning of Title VII, the ADA, and the Rehabilitation Act, and receives federal financial assistance.

8. Defendant Dr. Heather Kruse ("Kruse") was at all relevant times Vice President of Student Affairs and exercised final policymaking authority over discipline, supervision, and employment conditions within Student Affairs.

9. Defendant Dr. Roberto Villegas-Gold ("Villegas-Gold") was Plaintiff's direct supervisor and exercised delegated authority over Plaintiff's performance evaluations, discipline, job duties, and accommodation requests.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 12, 2025, alleging race discrimination, sex discrimination, disability discrimination, hostile work environment, and retaliation and requested her right to sue.

11. Plaintiff has exhausted all administrative prerequisites to suit, or such prerequisites have been satisfied or waived.

## FACTUAL ALLEGATIONS

12. Plaintiff holds a Bachelor's degree in Physical Education, a Master's degree in Educational Administration, and a Ph.D. in Christian Education.

3

13. Plaintiff was hired by MCCCD on October 23, 2017, as a Student Services Director.

14. Plaintiff consistently met or exceeded legitimate performance expectations and, following earlier contested evaluations, received performance ratings of 4 out of 5 in 2023 and 2024, while increasing student services by approximately 10%.

**Racial and Gender Stereotyping**

15. From early in her employment and continuing through 2025, Defendants repeatedly characterized Plaintiff as angry, aggressive, or yelling, despite the absence of such conduct.

16. These characterizations were rooted in racialized and gender-based stereotypes uniquely applied to Black women and were not imposed on similarly situated white, male, or non-Black employees.

17. When Plaintiff advocated for her department, Defendants interpreted neutral or professional language as threatening or aggressive, including mischaracterizing Plaintiff's statement that she would "fight" for her department as hostile conduct.

18. Defendants' stereotyping caused Plaintiff to withdraw from meetings, undermined her authority, and damaged her professional reputation.

**Hostile Work Environment**

19. In June 2022, Defendants relocated Plaintiff's department to a lower-level area infested with mice, while other departments were not subjected to similar conditions.

20. A photograph of a mouse was posted outside Plaintiff's office door, and

4

Villegas-Gold initially treated the incident as humorous rather than addressing it immediately. Plaintiff's office area was impacted; the supervisor's area was not.

21. Plaintiff and her staff were excluded from meetings, celebrations, and departmental communications, further isolating Plaintiff and her team.

22. This conduct was unwelcome, based on protected characteristics, and sufficiently severe or pervasive to create a hostile work environment.

**Retaliation and Escalation of Adverse Actions**

23. Defendants gave Plaintiff a low performance rating in 2018-2019, the Plaintiff was able to successfully appeal and modify.

24. On January 20, 2022, Defendants disciplined Plaintiff while grieving and disabled due to Covid and denied Plaintiff mediation due to her disciplinary status.

25. Despite the unfair conditions, Plaintiff was able to improve her performance until on   March 19, 2025, Plaintiff complained internally that Kruse was stereotyping her as an "angry" Black woman again.

26. On April 16, 2025, less than one month later, Villegas-Gold issued Plaintiff a written warning based on false assumptions and without a reasonable investigation.

27. Plaintiff was blamed for failing to market an event with Tanner when Plaintiff had sent out emails advertising the event and been congratulated and given an award by Tanner for a successful event.

28. On April 28, 2025, Plaintiff filed a formal internal EEO complaint alleging discrimination and retaliation.

29. Following Plaintiff's protected activity, Defendants retaliated by increasing Plaintiff's workload, requiring daily activity logs not imposed on others, denying replacement of retired staff, and subjecting Plaintiff to heightened scrutiny.

30. Defendants' adverse actions against Plaintiff were casually linked to her protesting race and sex discrimination.

## Disability Discrimination and Failure to Accommodate

31. Plaintiff has disabilities including depression and anxiety that substantially limit major life activities of thinking and concentrating.

32. On April 18, 2025, Plaintiff requested reasonable accommodation, including remote work and a lateral transfer to an available position.

33. Defendants denied Plaintiff's accommodation requests without providing a legitimate explanation and failed to engage in a good-faith interactive process.

34. Defendants instead directed Plaintiff to use FMLA leave, which is not reasonable accommodation under the ADA.

35. Other directors were permitted remote work, including at least one director who worked fully remote while caring for a family member, demonstrating disparate treatment.

## Municipal Liability (Monell)

36. MCCCD maintained customs, practices, and policies of tolerating racial and gender stereotyping, selectively enforcing discipline, and retaliating against employees who complain of discrimination.

6

37. Kruse acted as a final policymaker for MCCCD with respect to Plaintiff's discipline, accommodations, and working conditions.

38. MCCCD's failure to correct known discriminatory conduct and its ratification of Kruse's and Villegas-Gold's actions caused Plaintiff's injuries.

**DAMAGES**

39. As a direct and proximate result of Defendants' conduct, Plaintiff suffered emotional distress, exacerbation of her depression and anxiety, humiliation, loss of professional standing, and economic damages.

**CLAIMS FOR RELIEF**

**COUNT I – TITLE VII RACE DISCRIMINATION (AS TO MCCCD ONLY)**

40. All preceding paragraphs are incorporated.

41. Defendants discriminated against Plaintiff because of race by subjecting her to disparate treatment and a hostile work environment including but not limited to repeatedly characterizing Plaintiff as angry, yelling and/or aggressive, explaining Plaintiff's tone as the New Yorker, weaponizing the word "fight", allowing others remote work, later moves and rehiring staff over the years.

42. This claim is brought against Defendant Maricopa County Community College District only pursuant to Title VII of the Civil Rights Act of 1964.

**COUNT II – TITLE VII SEX DISCRIMINATION (GENDER STEREOTYPING) (AS TO MCCCD ONLY)**

43. All preceding paragraphs are incorporated.

44. Defendants discriminated against Plaintiff because of sex by imposing

racialized gender stereotypes on her conduct.

45. This claim is brought against Defendant Maricopa County Community College District only pursuant to Title VII of the Civil Rights Act of 1964.

### COUNT III – TITLE VII HOSTILE WORK ENVIRONMENT    (AS TO MCCCD ONLY)

46. All preceding paragraphs are incorporated.

47. Defendants created and maintained a hostile work environment based on race and sex.

48. This claim is brought against Defendant Maricopa County Community College District only pursuant to Title VII of the Civil Rights Act of 1964.

### COUNT IV – TITLE VII RETALIATION    (AS TO MCCCD ONLY)

49. All preceding paragraphs are incorporated.

50. Defendants retaliated against Plaintiff for engaging in protected activity.

51. This claim is brought against Defendant Maricopa County Community College District only pursuant to Title VII of the Civil Rights Act of 1964.

### COUNT V – ADA DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE    (AS TO MCCCD ONLY)

52. All preceding paragraphs are incorporated.

53.   Plaintiff is a qualified individual with a disability, and Defendants failed to provide reasonable accommodation.

54. This claim is brought against Defendant Maricopa County Community College District only pursuant to the Americans with Disabilities Act.

8

**COUNT VI – REHABILITATION ACT § 504   (AS TO MCCCD ONLY)**

55. All preceding paragraphs are incorporated.

56. MCCCD receives federal financial assistance and discriminated against Plaintiff solely by reason of disability.

57. This claim is brought against Maricopa County Community College District that receives federal assistance.

**COUNT VII – 42 U.S.C. § 1983 – EQUAL PROTECTION (RACE AND SEX) (AS TO ALL DEFENDANTS)**

58. All preceding paragraphs are incorporated.

59. Defendants Kruse and Villegas-Gold, acting under color of state law, intentionally discriminated against Plaintiff.

60. This claim is brought against Defendants Heather Kruse and Roberto Villegas-Gold in their individual capacities, and against Defendant MCCCD pursuant to *Monell v. Department of Social Services*, for violations of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

**COUNT VIII – 42 U.S.C. § 1981 (VIA § 1983) (AS TO ALL DEFENDANTS)**

61. All preceding paragraphs are incorporated.

62. Defendants interfered with Plaintiff's right to make and enforce contracts free from racial discrimination and retaliation.

63. This claim is brought against Defendants Heather Kruse and Roberto Villegas-Gold in their individual capacities, and against Defendant MCCCD, for intentional race discrimination and retaliation interfering with Plaintiff's contractual employment rights.

9

### COUNT IX – 42 U.S.C. § 1981   RACE DISCRIMINATION (AS TO ALL DEFENDANTS)

64. All preceding paragraphs are incorporated.

65. Defendants discriminated against Plaintiff because of race by subjecting her to disparate treatment and a hostile work environment.

66. This claim is brought against Defendants Heather Kruse and Roberto Villegas-Gold in their individual capacities, and against Defendant MCCCD, for intentional race discrimination interfering with Plaintiff's contractual employment rights.

### COUNT X – 42 U.S.C. § 1981 HOSTILE WORK ENVIRONMENT (AS TO ALL DEFENDANTS)

67. All preceding paragraphs are incorporated.

68. Defendants created and maintained a hostile work environment based on race.

69. This claim is brought against Defendants Heather Kruse and Roberto Villegas-Gold in their individual capacities, and against Defendant MCCCD, for intentional race discrimination by maintaining a hostile work environment based on race interfering with Plaintiff's contractual employment rights.

### COUNT XI – 42 U.S.C. § 1981 RETALIATION (AS TO ALL DEFENDANTS)

70. All preceding paragraphs are incorporated.

71. Defendants retaliated against Plaintiff for engaging in protected activity based on race.

72. This claim is brought against Defendants Heather Kruse and Roberto Villegas-Gold in their individual capacities, and against Defendant MCCCD, for   retaliation for reporting race discrimination interfering with Plaintiff's contractual employment rights.

10

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants violated Plaintiff's federal rights;

B. Enter injunctive relief prohibiting further discrimination and retaliation;

C. Award compensatory damages;

D. Award punitive damages against individual Defendants;

E. Award back pay, front pay, and equitable relief;

F. Award attorneys' fees and costs;

G. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this January 2, 2026

/s/ Elizabeth D. Tate

_____
Elizabeth D. Tate